UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
NICHOLAS SINCLAIR FIELDS
And YHOTZMINE ELIZABETH
FIELDS

    Debtors.
_____/

SPECIALIZED LOAN SERVICING
LLC,

    Appellant,

v.

CHRISTINE L. HERENDEEN,

    Appellee.
_____/

Case No. 8:17-cv-41-T-33
Bankr. No. 8:14-bk-9347-MGW
Adv. Pro. No. 8:15-ap-446-MGW

## **ORDER**

In the context of a Chapter 7 bankruptcy proceeding, Appellant Specialized Loan Servicing LLC (SLS) filed a motion requesting reconsideration of the Bankruptcy Judge's order granting summary judgment in favor of Appellee Trustee Christine L. Herendeen in an adversary proceeding. The Bankruptcy Judge denied that motion. SLS appeals the denial of the motion for reconsideration and the grant of summary judgment in favor of the Trustee in the adversary proceeding. The appeal is fully briefed and, as discussed below, the Court dismisses the appeal for lack of jurisdiction.

I. **Background**

   A. **Bankruptcy Case and Adversary Proceeding**

In August of 2014, the consumer debtors, Nicholas Sinclair Fields and Yhotzmine Elizabeth Fields, filed a bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida. (Doc. # 3-8 at 2). Thereafter, on May 7, 2015, the Trustee filed an adversary proceeding on behalf of the bankruptcy estate, alleging SLS, the debtors' mortgage servicer, violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 227, et seq., and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §§ 559.55, et seq. (Doc. # 3-8). SLS filed its answer and affirmative defenses on June 10, 2015. (Doc. # 3-20).

On February 26, 2016, then-counsel for SLS filed a motion to withdraw as counsel. (Doc. # 3-35). That motion was granted on March 1, 2016, in an Order directing all service be sent by mail to SLS's address in Highlands Ranch, Colorado and advising: "Defendant shall have 21 days from the date of this order to retain substitute counsel; otherwise, Defendant shall be deemed to be proceeding in a pro-se capacity." (Doc. # 3-36). The order also directed SLS to "attend the pre-trial conference, . . . scheduled for April 26, 2016." (Id.). SLS's

then-counsel filed a proof of service, indicating SLS was served with the withdrawal order. (Doc. # 3-37; Doc. # 3-38).

Yet no one appeared on behalf of SLS at the third continued pretrial conference on April 26, 2016, so the conference was postponed until June 21, 2016. (Doc. # 3-40; Doc. # 3-41). Although the Trustee mailed a notice of the rescheduled hearing to SLS's registered agent, (Doc. # 3-42), only counsel for the Trustee appeared at the fourth continued pretrial conference held on June 21, 2016, (Doc. # 3-43). The Bankruptcy Court directed the Trustee to file a motion for summary judgment within fourteen days and set a hearing on the motion for September 27, 2016. (Id.). On July 18, 2016, the Trustee filed a notice of hearing, which included a certificate of service stating that a copy of the notice was sent by mail to SLS at the Highlands Ranch address. (Doc. # 3-50).

### B. Motion for Summary Judgment

On June 27, 2016, the Trustee moved for summary judgment on the debtors' TCPA and FCCPA claims against SLS. (Doc. # 3-44). In support of the motion, the Trustee presented the sworn testimony of the debtors and requests for admission deemed admitted because of SLS's failure to respond. (Id. at 2-4). The motion asserts the debtors are entitled to $76,000 in

3

statutory damages based on the fifty calls SLS admitted making, as well as the Trustee's fees and costs. (Id. at 7). The motion's certificate of service states a copy of the motion was provided "to counsel for Defendant via email." (Id. at 12).

On July 18, 2016, the Trustee sent a notice of hearing for the September 27, 2016, hearing to SLS at its Highlands Ranch address, but did not identify a specific person to whom service was directed. (Doc. # 30-50). Then, on September 20, 2016, the Trustee served SLS with an additional proof of service document for the motion for summary judgment, stating that "on June 27, 2016, a true and correct copy of Plaintiff's Motion for Summary Judgment and all Exhibits (Doc. Nos. 37 & 37-1 through 37-5) were served on Defendant Specialized Loan Servicing LLC, pro se, via mail" to SLS's Highlands Ranch address. (Doc. # 3-51). Although this additional proof of service was filed approximately three months after the motion for summary judgment was filed, counsel for Trustee remembered serving the motion by mail because he "specifically recall[ed] having a discussion with [his] paralegal and assistant about the pleadings, service, and extra physical address and recall[ed] observing her preparing the pleadings and mailing." (Id.).

At the hearing on September 27, 2016, no one appeared on behalf of SLS and the Bankruptcy Judge granted the motion for summary judgment. (Doc. # 3-52). The Order granting the motion, which was subsequently entered on the docket on October 28, 2016, reads in its entirety:

> This cause came before the Court for hearing on September 27, 2016 at 9:30 a.m. on Plaintiff's Motion for Summary Judgment (the "Motion") (Doc. 37). The Court, having reviewed the Pleadings and being otherwise fully advised in the premises, finds that Plaintiff's Motion should be granted. Accordingly, it is hereby:
>
> ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion is GRANTED.

(Doc. # 3-2). Judgment was never entered following the grant of the summary judgment motion, and the amount of damages and fees has not yet been specified by the Bankruptcy Court.

### C. Motion for Reconsideration

Two weeks later, on November 14, 2016, counsel for SLS appeared and filed a motion for reconsideration. (Doc. # 3-53; Doc. # 3-54). As grounds for reconsideration under Rule 60(b)(1), SLS argued relief was warranted because "its failure to respond to the [motion for summary judgment] was a product of mistake, inadvertence or excusable neglect." (Doc. # 3-54 at 13). SLS also argued the Order granting summary judgment was void because of improper service,

5

warranting reconsideration under Rule 60(b)(4). (Id. at 12-13). The Trustee opposed the motion, and presented a declaration of counsel, reemphasizing counsel's recollection of preparing the motion for summary judgment to be served via mail to SLS's address in Colorado. (Doc. # 3-58; Doc. # 3-63).

A hearing was held on December 6, 2016, at which the Bankruptcy Judge denied the motion and held that the Order granting summary judgment would stand. The Bankruptcy Judge stated: "I guess the clearest problem from the defendant's point of view is they did get the withdrawal order and that did require the retention of counsel within 21 days. And they didn't — they didn't do it. If they had retained counsel, then none of this would have happened." (Doc. # 3-68 at 27:5-11). The Order denying the motion for reconsideration was entered on December 16, 2016. (Doc. # 3-3).

### D. Appeal

On January 4, 2017, SLS appealed the Order denying the motion for reconsideration and the Order granting summary judgment in favor of the Trustee in the adversary proceeding. (Doc. # 1). That appeal has been fully briefed. (Doc. ## 10, 11, 14). The Trustee asserts that this Court lacks jurisdiction over the appeal and, alternatively, if

6

jurisdiction exists, the Court should affirm the Bankruptcy Court's denial of the motion for reconsideration and grant of the motion for summary judgment. (Doc. # 11). Because the Court determines that it lacks jurisdiction, the appeal is dismissed.

II. **Jurisdiction over "Final" Judgments, Orders, and Decrees**

The Bankruptcy Code provides:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title;
>
> (3) with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a). As noted, 28 U.S.C. § 158(a)(1) grants appellate jurisdiction over "final judgments, orders, and decrees" of the bankruptcy court. Generally speaking, a final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).

"In the Eleventh Circuit, a more flexible approach is applied in the context of bankruptcy appeals." In re Gonzalez, No. 8:12-bk-19213-KRM, 2016 WL 1253274, at *4 (M.D. Fla. Mar. 30, 2016). As explained in Barben v. Donovan, 532 F.3d 1134, 1136 (11th Cir. 2008), "[f]inality is given a more flexible interpretation in the bankruptcy context . . . because bankruptcy is an aggregation of controversies and suits." Nevertheless, the "'[i]ncreased flexibility' in applying the finality doctrine in bankruptcy does not render appealable an order which does not finally dispose of a claim or adversary proceeding." Id. Rather, a final order in bankruptcy is one that "completely resolve[s] all of the issues pertaining to a discrete claim, including issues as to the proper relief." In re Atlas, 210 F.3d 1305, 1308 (11th Cir. 2000)(citation and internal quotation marks omitted).

Thus, an order granting judgment on the issue of liability but requiring an assessment of damages is not an appealable final order. See Id. at 1307-08 ("[A] bankruptcy court's order is not final for purposes of appellate jurisdiction where the bankruptcy court finds liability for violation of the automatic stay, but defers assessment of damages."); In re Fox, 762 F.2d 54, 55 (7th Cir. 1985)("[A]n order upholding liability but leaving damages for subsequent

determination is not a final order."). The Fifth Circuit reasoned that the finality concept's flexibility in the bankruptcy context did not render orders merely adjudicating liability final:

> The Supreme Court has stated that "where assessment of damages or awarding of other relief remains to be resolved [judgments] have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291." The concept of finality employed to determine appealability under the Bankruptcy Code is "open to a more liberal interpretation" than that applicable to civil litigation governed by 28 U.S.C. § 1291, but this liberality stems from practicality, and is limited by it in turn. Determinations of liability without an assessment of damages are as likely to cause duplicative litigation in bankruptcy as they are in civil litigation, and because bankruptcy litigants may appeal to district as well as to appellate courts, the waste of judicial resources is likely to be greater. The rule for appeals from bankruptcy decisions determining liability but not damages under 28 U.S.C. § 158(d) must therefore be the same as the rule under § 1291.

In re Morrell, 880 F.2d 855, 856–57 (5th Cir. 1989)(internal citations omitted). The concern over piecemeal litigation motivates this rule. Indeed, the Eleventh Circuit has similarly warned: "Allowing a litigant to appeal a bankruptcy court's determination of liability prior to an assessment of damages poses a greater risk of duplicative litigation than in a similar civil appeal because, in bankruptcy matters, the

litigant may appeal to a district and appellate court." In re Atlas, 210 F.3d at 1308.

The Trustee argues the Orders denying reconsideration and granting the motion for summary judgment are not final orders because a final judgment has not been entered and "there are still things for the Bankruptcy Court to do (i.e. decide what language to use in the Final Judgment, decide amount of damages, assess costs, and rule as to entitlement and amount of fees, etc.)." (Doc. # 11 at 8-9). Here, the Court entered an Order granting the motion for summary judgment without specifying the amount of damages to be awarded. (Doc. # 3-2). As of this Order, Judgment has not been entered in the adversary proceeding. Thus, the Order resolved the matter of liability, but not the relief sought. See In re Fugazy Exp., Inc., 982 F.2d 769, 775 (2d Cir. 1992)("[A] 'dispute' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted. Thus, with respect to a meritorious claim for damages, the dispute is not completely resolved until the bankruptcy court determines the amount of damages to be awarded.").

SLS points out the motion for summary judgment argued the debtors are entitled to $76,000 in damages. (Doc. # 14 at

6). But it is unclear whether the Bankruptcy Court determined that amount was the proper calculation, as the Order granting the motion made no reference to damages and no Judgment has been entered. Thus, the Order granting summary judgment is not final, and the Court lacks jurisdiction to review it.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The appeal is **DISMISSED** for lack of jurisdiction. The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of May, 2017.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE